**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 18 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| WALTER GUILLERMO PEREZ-ROJO, | No. 05-77180 |
| Petitioner, | Agency No. A096-385-791 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 2, 2010
San Francisco, California

Before: KOZINSKI, Chief Judge, RYMER, Circuit Judge, and TRAGER, Senior
District Judge.[**]

Walter Guillermo Perez-Rojo petitions for review of a final order of the

Board of Immigration Appeals (BIA) finding him removable as charged for illegal

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable David G. Trager, Senior United States District Judge
for the Eastern District of New York, sitting by designation.

entry into the United States. We have jurisdiction under 8 U.S.C. § 1252, and grant the petition.

Conceding that evidence of alienage should have been suppressed under *Lopez-Rodriguez v. Mukasey*, 536 F.3d 1012 (9th Cir. 2008), the government asks us to remand. We decline to do so. No reason appears why DHS could not have developed whatever record it wanted to develop at the original hearing; the agency could not have been surprised by *Lopez-Rodriguez*, as our law has been clear for years. *See, e.g.*, *Orhorhaghe v. INS*, 38 F.3d 488 (9th Cir. 1994).[1]

PETITION GRANTED.

---

[1]When asked at oral argument what new evidence it would introduce on remand, the government could not answer because, DHS, not DOJ, had that information. *See* Oral Argument at 9:23, *Perez-Rojo v. Holder*, No. 05-77180, *available at* http://www.ca9.uscourts.gov/datastore/media/2010/11/02/05-77180.wma; *id.* at 12:53. We are thus left to speculate whether there is simply no evidence that the government could introduce to defend its actions, in which case the request for a remand was unnecessary, or whether the government did have such evidence, but a bureaucratic snafu caused it to fumble the appeal. The government's decision to ask for a remand without fully assessing its case wasted Perez-Rojo's and the court's resources, and, through no apparent fault of his own, forced the government's lawyer to argue an appeal he stood no chance of winning.